**TRANSWESTERN PIPELINE COMPANY, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**and Consolidated Cases.**

No. 88–1046.

United States Court of Appeals, District of Columbia Circuit.

May 31, 1990.

Before WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of the petitions for rehearing of the respondent Commission and petitioner Transwestern Pipeline Company, it is

ORDERED, by the Court, that the petitions are denied. Neither the Commission nor Transwestern raised in their briefs the argument that Transwestern's filing in December 1987 gave notice that the customers would be charged the remaining balance in Account No. 191 in the event all customers left the system. We therefore did not and do not address it. See *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir. 1983).

Before WALD, Chief Judge, MIKVA, EDWARDS, RUTH B. GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG, SENTELLE and THOMAS, Circuit Judges.

ORDER

PER CURIAM:

The Suggestions For Rehearing *En Banc* of the respondent Commission and petitioner Transwestern Pipeline Company have been circulated to the full Court. No member of the Court requested the taking of a vote thereon. Upon consideration of the foregoing it is

ORDERED, by the Court *en banc*, that the suggestions are denied.

Separate statement of Chief Judge WALD.

I would ordinarily call for a vote on the suggestion for rehearing *en banc*. As I noted in my dissent from the denial of the petition to rehear *en banc AGD v. FERC*, 898 F.2d 809 (1990), I think the Court's current interpretation of the filed rate doctrine is overly rigid, at a time when the

FERC needs latitude to navigate the recent dramatic changes in the structure of the natural gas industry. However, the decisive vote against rehearing *en banc* in *AGD v. FERC* convinces me that to call for a vote for rehearing *en banc* in this case would be equally futile. It remains for the Supreme Court to settle this important question of how impenetrable a barrier the filed rate doctrine is to FERC's efforts at allocating the inevitable burdens stemming from fundamental readjustment of the pipeline industry.